{¶ 1} In this appeal, plaintiff-appellant, American Inc. ("American"), appeals from the judgment of the Cuyahoga County Court of Common Pleas denying all of its claims against defendants-appellees Renee Trebec ("Trebec") and Southeast Security Corp. ("SES"), for breach of contract, money damages, intentional interference with contractual relations and injunctive relief. For the following reasons, we affirm.
 {¶ 2} The record presents the following facts. American is an Ohio-based company that sells electronic security alarm systems. On January 24, 2000, Trebec began employment with American as a salesperson. On that date, she was presented with an Employment Agreement that restricted her from contacting or soliciting sales from any of American's customers for a period of two years after her employment with American terminated. Trebec signed the Agreement.
 {¶ 3} On August 27, 2003, Trebec's employment with American was terminated. Shortly thereafter, Trebec began working at SES, a competitor of American.
 {¶ 4} On November 9, 2004, American commenced an action for breach of contract against Trebec and SES. American sought money damages as well as injunctive relief. American also moved for a temporary restraining order and a preliminary injunction pursuant to Civ.R. 65(A) and (B), pending determination of its *Page 4 
claims for relief, to prohibit Trebec and SES from soliciting or performing work for any of American's clients.
 {¶ 5} On or about December 7, 2004, Trebec and SES filed their answers denying the allegations and asserting various affirmative defenses. Additionally, Trebec filed a counterclaim alleging that American owed her $10,000 in unpaid sales commissions.
 {¶ 6} On October 13, 2005, the parties agreed to submit the case via briefs and supporting materials to the trial judge in lieu of a continued trial. On October 26, 2006, the trial court issued an order finding in favor of Trebec and SES on all of American's claims.[1] It is from this order that American now appeals and raises three assignments of error, which shall be addressed together.
 {¶ 7} "I. The trial court erred to the prejudice of plaintiff/appellant by failing to enforce an employment agreement which contained a covenant-not-to-compete against the employer for a period of two years and within a specific geographic limitation, upon termination of the employment relationship.
 {¶ 8} "II. The trial court erred by failing to find that defendant Southeast Security Corp. had intentionally interfered with plaintiff's contract with defendant *Page 5 
Trebec to its profit and to American, Inc.'s detriment by improperly soliciting plaintiff/appellant's customers and employees.
 {¶ 9} "III. The trial court erred to the prejudice of plaintiff/appellant by failing to find that Trebec and Southeast Security, Inc. violated the preliminary injunction by continuing to solicit plaintiff/appellant's customers."
A. Non-Compete Clause {¶ 10} American first claims that the trial court erred in refusing to enforce the non-competition agreement between Trebec and American. Specifically, American claims that Trebec breached her agreement with American when she solicited and performed security related services for Discount Drug Mart, one of its clients.
 {¶ 11} Covenants not to compete will be enforced only to the extent that the restrictions imposed on an employee are reasonably necessary to protect the employer's legitimate business interests, do not impose undue hardship on the employee, and do not injure the public.Raimonde v. VanVlerah (1975), 42 Ohio St.2d 21, 25-26. However, in general, the only business interests which have been deemed sufficient to justify enforcement of a non-compete clause against a former employee are preventing the disclosure of the former employer's trade secrets or the use of the former employer's proprietary customer information to solicit the former employer's customers. Brentlinger Enters. v.Curran (2001), 141 Ohio App.3d 640, 649. *Page 6 
 {¶ 12} Here, the record demonstrates that American failed to demonstrate that Trebec breached the non-compete clause. There is no evidence that Trebec acquired any trade secrets or confidential information while employed with American[2] or that she solicited any of American's clients once she left her employment there.[3] Trebec had been employed in the security alarm business for approximately 20 years prior to working for American. Trebec had a professional and personal relationship with Drug Mart prior to working at American. In fact, Drug Mart became a client of American only after Trebec began her employment there. Robert Graf ("Graf), Vice-President of Loss Prevention at Drug Mart, specifically testified that the only reason American received work from Drug Mart was because Trebec worked there.[4]
Indeed, American's President Ronald Baxter ("Baxter") conceded as such in his deposition.[5] American did not have an exclusive contract with Drug Mart.[6] American did not lose any of its existing contracts with Drug Mart after Trebec was fired and, in fact, were given additional jobs after Trebec left.[7] *Page 7 
Finally, Graf testified that he contacted Trebec and asked her to bid on some Drug Mart contracts in Columbus, Ohio.[8]
 {¶ 13} On these facts, we cannot find that the trial court erred in failing to find that American would suffer irreparable harm if the non-compete clause was not enforced. There is simply no evidence in the record to support American's claim that Trebec improperly solicited Drug Mart or any other of its customers thereby breaching the non-compete agreement. Moreover, there is a complete lack of proof on the issue of damages since American was unable to show any loss in profits or any lost clients.
 {¶ 14} Assignment of Error I is overruled .
B. Interference with Contract {¶ 15} American next claims that the trial court erred in failing to find that SES intentionally interfered with its contract with Trebec when SES solicited and performed security related services for Discount Drug Mart, one of its clients.
 {¶ 16} The elements of tortious interference with contract are (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages. Fred Siegel Co.,L.P.A. v. Arter Hadden (1999), 85 Ohio St.3d 171, 178-179. *Page 8 
 {¶ 17} Here, the record demonstrates that SES knew, or should have known, that Trebec had a non-compete covenant with American to refrain from soliciting any of American's clients.[9] However, there is simply no evidence in the record that SES interfered with this contract. We have already determined that Trebec did not solicit any of American's clients once she left her employment with them. Indeed, the only client at issue is Drug Mart, and Graf specifically testified that he contacted Trebec at SES and requested that she bid on several Drug Mart contracts in Columbus, Ohio.[10] American did not have an exclusive contract with Drug Mart. In fact, Matt Lentine, President of SES, testified that SES had a professional relationship with Drug Mart prior to Trebec even working at SES.[11] Finally, American admitted that it did not lose any of its existing contracts with Drug Mart after Trebec was fired and, in fact, were given additional jobs after Trebec left.[12]
 {¶ 18} On these facts, we cannot find that the trial court erred in failing to find that SES tortiously interfered with American's contract with Trebec. There is simply no evidence in the record to support American's claim that SES or Trebec *Page 9 
improperly solicited Drug Mart or any other of its customers. In addition, as previously noted, there is a complete lack of proof on the issue of damages, since American was unable to show any loss in profits or any lost clients.
 {¶ 19} Assignment of Error II is overruled.
C. Violation of Preliminary Injunction {¶ 20} Finally, American claims that the trial court erred in failing to find that SES and Trebec violated the preliminary injunction and erred in failing to issue a permanent injunction.
 {¶ 21} In the previous assignments of error, we held that SES and Trebec did not solicit any of American's customers, did not violate the non-compete clause, and did not tortiously interfere with a contract. Accordingly, the trial court did not err in denying American's request for injunctive relief.
 {¶ 22} Assignment of Error III is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The trial court's original order finding in favor of Trebec and SES was issued on March 27, 2006 but was remanded by this Court for clarification. In addition, the trial court found no merit to Trebec's counterclaims. However, Trebec is not appealing this ruling.
[2] Baxter Depo. 7/28/2005 Tr. P. 24-25, L. 18-1, P. 32, L. 3-18.
[3] Baxter Depo. 7/28/2005 Tr. P. 26-27, L. 15-25, 1-10.
[4] Graf Depo. 9/29/05 Tr. P. 7, L. 11-17.
[5] Baxter Depo. 7/28/2005 Tr. P. 29, l.1-4.
[6] Graf Depo. 9/29/05 Tr. P. 16, L. 7-14.
[7] Graf Depo. 9/29/05 Tr. P. 7-8, L. 22-7; Baxter Depo. 7/28/2005 Tr. P. 29-30, L.9-19, 13-19.
[8] Graf Depo. 9/29/05 Tr. P. 9-10, L. 21-3.
[9] Matt Lentine, President of SES admitted that such contracts are the norm in the industry, and, in fact, required Trebec to sign one when she accepted employment with SES.
[10] Graf Depo. 9/29/05 Tr. P. 9-10, L. 21-3.
[11] Lentine Aff. ¶ 7.
[12] Graf Depo. 9/29/05 Tr. P. 7-8, L. 22-7; Baxter Depo. 7/28/2005 Tr. P. 29-30, L.9-19, 13-19. *Page 1